UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALINDER SINGH,<br><br>          Petitioner,<br><br>     v.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>          Respondents. | No.  1:26-cv-00480-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 9, 10) |

Petitioner is a federal immigration detainee proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2026, the magistrate judge filed findings and recommendations which were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  Respondents filed objections to the granting of habeas relief and also requested, in the alternative, that this matter be held in abeyance pending resolution of two separate appeals pending in the Ninth Circuit Court of Appeals.  ECF No. 12.  On February 6, 2026, Petitioner filed a motion for a temporary restraining order which does not acknowledge the pending findings and recommendations.  ECF Nos. 10.  Respondents filed an opposition to that motion.  ECF No. 11.

In their objections, Respondents merely reiterate the arguments they advanced in

1

opposition to the petition and that this court has already rejected. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED;

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) is GRANTED;

3. Petitioner is ordered to be released immediately from the Respondents' custody with the same conditions that he was subject to prior to his redetention on December 11, 2025;

4. At the time of release, Respondents are required to return all of Petitioner's documents and possessions;

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for

bond must be considered;

6. Respondents are further directed to file a notice certifying compliance with the above provisions within three days from the date of this order;

7. Petitioner's motion for a temporary restraining order (ECF No. 10) is DENIED as moot;

8. Respondents' request to administratively stay this matter is DENIED; and

9. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **February 10, 2026**

Dena Coggins
United States District Judge